**Emmett FOLSOM, Plaintiff,**

v.

**TEAMSTERS LOCAL UNION NO. 41, Defendant.**

**No. 82–0321–CV–W–9.**

United States District Court, W.D. Missouri, W.D.

Dec. 5, 1983.

Robert H. Kendrick, Kansas City, Mo., for plaintiff.

Steven A. Fehr, Thomas B. Coffey, Jr., Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BARTLETT, District Judge.

Plaintiff's complaint alleges that defendant union breached its duty of fair representation in violation of § 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a). On January 17, 1983, defendant filed a motion for summary judgment asserting that plaintiff's claim is barred by the six-month statute of limitations provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). Defendant relies on the Supreme Court's decision in *DelCostello v. International Brotherhood of Teamsters,* — U.S. —, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

The standard for granting summary judgment in this circuit is as follows:

> [T]he motion for summary judgment should be sustained "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

This Circuit has repeatedly emphasized the drastic nature of the summary judgment remedy. It should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.... This imposes a heavy burden on the moving party because the evidence will be viewed in the light most favorable to the nonmoving party. The court also must give the nonmoving party the benefit of all reasonable inferences to be drawn from the facts.... "However, this Circuit recognizes the remedy's salutary purpose of avoiding useless and time consuming trials."

*William R. Jewson v. Mayo Clinic*, 691 F.2d 405, 408 (8th Cir.1982) (citations omitted.)

### Undisputed Facts

Plaintiff was laid off by his employer on February 18, 1979. By the terms of the collective bargaining agreement plaintiff's sole method of contesting the lay-off was through the grievance procedure. On February 26, 1979, plaintiff filed a grievance. The grievance was processed through the grievance procedure provided in the collective bargaining agreement. On June 12, 1979, an arbitration panel of the Central Conference Change of Operations Committee denied the grievance.

On February 11, 1980, plaintiff filed suit in state court claiming that his employer had failed to comply with Missouri's service letter statute and that his employer had misrepresented its intention not to lay him off.

On April 14, 1982, plaintiff filed a first amended petition which asserted for the first time a claim against his union under 29 U.S.C. § 159(a) and against his employer under § 301 of the Labor Management Relations Act. Plaintiff asserted that the union had breached its duty of fair representation and the employer had violated the collective bargaining agreement.

The employer and the union removed the case to this Court on April 27, 1982. Proceedings against defendant employer were stayed after its successor in interest filed a petition in bankruptcy.

On March 30, 1983, plaintiff filed a four-count second amended complaint against the union only. Counts I, II and III of that complaint were dismissed on August 25, 1983. Count IV, the only remaining count, alleges that

Defendant Union breached its duty of fair representation to plaintiff by reason of the following acts and omissions, and each of them, to-wit:

1) Defendant Union made fraudulent misrepresentations to plaintiff with respect to the Company's contractual obligations to the Union and to plaintiff as aforesaid.

2) Defendant Union failed to prevent, discourage, or alleviate the aforesaid material misrepresentations made by the Company.

3) Defendant Union failed to promulgate accurate information with respect to the Company's material misrepresentations of its contractual obligations, which would have prevented the misconceptions which the defendant Union knew, or should have known, would have been created by the Company's misrepresentations, and in particular would have prevented said misconceptions which were, in fact, created in the mind of the plaintiff and upon which plaintiff relied to his detriment.

Plaintiff's Second Amended Complaint, p. 16.

Plaintiff urges that the decision in *DelCostello* cannot be applied to plaintiff's claim against the union because the appropriate limitation period is five years for this type of claim against the union which is not joined with a pending § 301 action against an employer. Plaintiff further asserts that *DelCostello* cannot be applied retroactively because "it can hardly be questioned that *DelCostello* established a 'new principle of law.'" Supplemental Suggestions in Opposition to Defendant Union's Motion for Summary Judgment, p. 5.

### The Statute of Limitations Applicable to Plaintiff's Claim

In *DelCostello* the Supreme Court had before it the question of what statute of limitations was applicable to a case involving both a breach of contract claim against an employer and an unfair representation claim against a union. The Supreme Court determined that the six-month statute of limitations in § 10(b) of the National Labor Relations Act was "the applicable statute of limitations governing the suit, both against the employer and against the union." 103 S.Ct. at 2285.

> [S]tate law might have to be tolerated if state law were the only source reasonably available for borrowing, as it often is. In this case, however, we have available a federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake here—a statute that is, in fact, an analogy to the present lawsuit more apt than any of the suggested state-law parallels. We refer to § 10(b) of the National Labor Relations Act, which establishes a six-month period for making charges of unfair labor practices to the NLRB.
>
> The NLRB has consistently held that all breaches of a union's duty of fair representation are in fact unfair labor practices.... We have twice declined to decide the correctness of the Board's position, and we need not address that question today. Even if not all breaches of the duty are unfair labor practices, however, the family resemblance is undeniable, and indeed there is a substantial overlap. Many fair representation claims (the one in No. 81–2386, for example) include allegations of discrimination based on membership status or dissident views, which would be unfair labor practices under § 8(a)(1) or (2). Aside from these clear cases, duty-of-fair-representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions—as are virtually all unfair labor practice charges made by workers against unions.

*DelCostello*, 103 S.Ct. at 2293–94 (citations and footnotes omitted).

■ Even though *DelCostello* involved claims against both the employer and union, the Supreme Court's analysis of the proper statute of limitations for the claim against the union was not dependent on there being a pending claim against the employer. The nature of the claims against the union is the crucial factor. Here, as in *DelCostello*, plaintiff asserts that his union breached its duty of fair representation to plaintiff. Specifically, plaintiff contends that his union was unfair and arbitrary. Even if plaintiff's allegations that his union failed to properly represent him are not allegations of unfair labor practices, the analogy between plaintiff's claims and unfair labor practice claims is more apt than the analogy between plaintiff's claims and fraud actions. Therefore, the six-month period for filing an unfair labor practice charge provided in § 10(b) of the National Labor Relations Act is the statute of limitations applicable to plaintiff's claim against his union.

Plaintiff's claim against his union accrued no later than June 12, 1979, when the arbitration panel informed plaintiff that his grievance had been denied. At least on that date, if not earlier, the union's alleged misrepresentation about the company's contractual obligations should have been apparent. Plaintiff did not name the union as a defendant in this case until April 14, 1982, some thirty-four months later. Therefore, unless it is unfair to apply *DelCostello* to this case, plaintiff's claim against his union is time-barred.

### Retroactive Application of DelCostello

■ Plaintiff contends that it would be unfair to apply the 1983 *DelCostello* analysis and decision to this case because *DelCostello* established a new principle of law.

There is no statute of limitations specifically applicable to actions brought against an employer under § 301 of the Labor Management Relations Act. *International Union, United Automobile, Aerospace and Agricultural Implement Workers of*

*America (UAW), AFL–CIO v. Hoosier Cardinal Corp.,* 383 U.S. 696, 701, 86 S.Ct. 1107, 1110, 16 L.Ed.2d 192 (1966). Prior to *DelCostello* the appropriate state statute of limitations was applied to § 301 actions against an employer alleging a breach of the collective bargaining agreement. *Id.* at 704–705, 86 S.Ct. at 1112–1113. On July 12, 1979, when plaintiff's claim accrued, the rule in the Eighth Circuit was that the state statute of limitations for actions asserting the breach of a written contract should be applied to this type of § 301 claim. *Butler v. Local Union 823, Int'l. Brotherhood of Teamsters,* 514 F.2d 442 (8th Cir.1975), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). Where a claim against the employer was joined with a claim against the union for breach of its duty of fair representation, the same time limitation applied to both claims. *Id.* at 448.

In *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court determined that the appropriate limitation period for a § 301 action against an employer for breach of a collective bargaining agreement is the period of time permitted by applicable state law for a party to move for vacation of an arbitration award. *Id.* at 62, 101 S.Ct. at 1563. No claim against the union was before the Supreme Court in *Mitchell. Id.* at 58, 101 S.Ct. at 1561. *Mitchell* represented "a clear break with the past in an area of law which, for more than six years, was thought to be well-settled here." *Stahlman v. Kroger Co.,* 542 F.Supp. 1118, 1121 (E.D.Mo.1982).

Nevertheless, *Mitchell's* concern about quickly resolving disputes between employees and employers over alleged breaches of collective bargaining agreements foreshadowed *DelCostello.*

> [O]ne of the leading federal policies in the area is the 'relatively rapid disposition of labor disputes. . . .' This system, with its heavy emphasis on grievance, arbitration, and the 'law of the shop,' could easily become unworkable if a decision which has given 'meaning and con-

tent' to the terms of an agreement, and even affected subsequent modifications of the agreement, could suddenly be called into question as much as six years later.

*Mitchell,* 451 U.S. at 63–64, 101 S.Ct. at 1564–1565.

*DelCostello* did not establish a new principle of law. The close relationship between a § 301 action against an employer and a breach of the duty of fair representation action against a union had been apparent since *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). For the Supreme Court to arrive at a common and short statute of limitations for both types of claims was clearly foreshadowed by *Mitchell's* concern for prompt resolution of this type of dispute. See Justice Stewart's concurrence in *Mitchell* which suggested using the § 10(b) limitation period rather than borrowing from state law. *Mitchell,* 451 U.S. at 65, 101 S.Ct. at 1565.

To apply *DelCostello* retroactively in this case would not be inequitable or unduly harsh. *Mitchell* was decided on April 20, 1981, almost two years after the adverse arbitration decision in plaintiff's case.

> *Mitchell* should have placed plaintiff on notice that the limitation period for his claim would be drastically shortened. After *Mitchell* was announced, plaintiff should, at a minimum, have attempted to file this action prior to the commencement ·of the next term of the circuit court, as directed by § 435.120.

*Stahlman v. Kroger Co.,* 542 F.Supp. 1118, 1121 (E.D.Mo.1982).

When *Mitchell* was decided § 435.120, R.S.Mo. required that an application to vacate or modify an arbitration award be made at the next term of the circuit court after publication of the award. Section 478.205, R.S.Mo., provides that state circuit court terms commence on the second Mondays of February, May, August and November. The next term of court after April 20, 1981, began on May 11, 1981. Subsequent terms of court began on August 10, 1981, November 9, 1981, and Feb-

ruary 9, 1982. This claim was not filed until April 14, 1982.

Admittedly, *Mitchell* was not directly applicable to plaintiff's claim against the union. However, *Butler* had established that breach of the duty of fair representation claims against unions and breach of collective bargaining agreement claims against employers should be subject to the same statute of limitations. *Butler*, 514 F.2d at 448.

We acknowledge that the arguments in *De Arroyo* favor characterizing the unfair representation action as a tort. The gist of the action is malicious, arbitrary or fraudulent conduct injuring the employee. The action exists independent of the § 301 action against the employer, and the union need not be sued in order to sue the employer. Moreover, there will be instances in which the action against the employer is really only incidental to the primary claim that the union has breached its duty of fair representation. In such instances, it may be "letting the tail wag the dog" to extend the union's period of vulnerability by tacking on an incidental § 301 claim against the employer.

Yet, despite the logic of these arguments, we conclude, as did the District Court, that the policies underlying federal labor law will be best effectuated by applying the written contract statute of limitations to the action against the Local....

....

We, therefore, hold, as did the Second Circuit, that

> * * * when a § 301 suit is brought against an employer alleging breach of the collective bargaining agreement in conjunction with a claim that the union breached its fair representation duty to pursue the employee's grievance, *the*

**1.** Only after the employer's bankruptcy were the claims against the employer dismissed.

**2.** On the date *DelCostello* was decided and in the same opinion, the Supreme Court reversed the Second Circuit Court of Appeals which had held

> *same period of limitations should be applied to both claims.*

*Id.* at 447–48 (citations omitted) (emphasis added).

Therefore, after *Mitchell*, plaintiff was on notice that, in the Eighth Circuit at least, it was very likely that the statute of limitations for an unfair representation claim against his union would be the same as the statute of limitations for a § 301 action against an employer. Yet plaintiff delayed until April 14, 1982, to file his unfair representation claim against his union and his § 301 claim against his employer.[1] Under these circumstances, the retroactive application of *DelCostello* is neither inequitable nor unduly harsh.[2]

For the foregoing reasons, plaintiff's cause of action against defendant union is barred by the statute of limitations in § 10(b) of the National Labor Relations Act. Therefore, it is hereby ORDERED that:

1) Defendant union's motion for summary judgment is granted and this action is dismissed with prejudice; and

2) The costs of this action shall be taxed against the plaintiff.

a suit "timely under a state three-year statute for malpractice actions." *United Steelworkers of America v. Flowers*, —— U.S. ——, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983). In so doing, *DelCostello* was applied retroactively.